IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **v.** | § § | **CRIMINAL NO. 4:19-CR-222-SDJ-AGD-1** |
| **STEVEN MARK PARSON (1)** | § § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 7, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Federal Public Defender Michelle Allen-McCoy. The Government was represented by Assistant United States Attorney Michael Anderson.

On July 17, 2020, United States District Judge Sean D. Jordan sentenced Defendant to a term of thirty-seven (37) months imprisonment, followed by three (3) years of supervised release. *See* Dkt. 42 at 1. On October 7, 2022, Defendant completed his term of imprisonment and began serving the term of supervision. *See id.*

On May 31, 2023, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 42), alleging Defendant violated five conditions of supervised release. *See id.* at 1–3. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant must refrain from any unlawful use of a controlled substance and must submit to one drug test within 15 days of release and at least two periodic drug tests thereafter; (2) Defendant must not communicate or interact with someone you

know if engage in criminal activity; (3) Defendant must not possess or consumer alcoholic beverages; (4) Defendant must pay at least 10% of his gross income toward his $10,000 fine; and (5) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. *Id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1) On April 21, 2023, Defendant submitted a urine specimen at Texas & Oklahoma Occupational Medicine Services, in Paris, Texas which was positive for methamphetamine and confirmed by Abbott Labs. On April 25, 2023, Mr. Parson submitted a urine specimen at Texas & Oklahoma Occupational Medicine Services, in Paris, Texas which was positive for methamphetamine and confirmed by Abbott Labs.

(2) On March 9, 2023, Defendant verbally admitted he had been renting a room in his shop to Larry Johnson, a known felon. The Red River Sheriff Office's confirmed this information after conducting a search of Defendant's residence and property. Defendant did not have permission to associate with Mr. Johnson. On March 30, 2023, a vehicle driven by Michael Lester, a known felon, was stopped by law enforcement for a traffic violation. The officer reported Defendant was a passenger in the vehicle. Defendant did not have permission to associate with Mr. Lester.

(3) On March 30, 2023, Trooper Flores with the Texas Department of Public Safety initiated a traffic stop on a vehicle driven by Michael Lester, a known felon. While speaking with Mr. Lester, Trooper Flores observed two alcoholic beverages, specifically beers, in the cup holders. Defendant was issued a citation for an open container.

(4) On October 11, 2022, Defendant was instructed to pay at least 10% of his total income each month toward his $10,000.00 fine. Defendant has failed to make a payment since his supervision began.

(5) On October 11, 2022, Defendant was enrolled in the U.S. Probation Office's NAPP Random Drug Testing Program. He agreed to check his cell phone daily for text messages that would instruct him on when he needed to submit a drug test. Defendant failed to submit a urine sample as directed on November 8, 2022, November 22, 2022, January 17, 2023, and May 23, 2023, as part of this program. On May 9, 2023, Defendant failed to attend his substance abuse treatment session at New Focus Counseling Center in Paris, Texas.

On March 7, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for March 7, 2024. Defendant entered a plea of true to allegations two through five, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt 52. The Government moved to withdraw allegation one, which the Court granted. *See* Minute Entry for March 7, 2024. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the March 7, 2024 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of fourteen (14) months, with twelve (12) months of supervised release to follow under the previous conditions of supervised release except for the obligation to pay the fine of $10,000 because that has been satisfied. The Court further recommends Defendant be placed at a medical facility with the Bureau of Prisons.

**So ORDERED and SIGNED this 8th day of March, 2024.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE