IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:19-CR-00222-SDJ-AGD |
| § | |
| STEVEN MARK PARSON (1) § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Steven Mark Parson's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on June 12, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto. The Government was represented by Christopher Rapp.

Defendant was sentenced on n July 17, 2020, before The Honorable Sean D. Jordan of the Eastern District of Texas after pleading guilty to the offense of Possession of a Firearm by Prohibited Person, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of VI, was 30 to 37 months. Defendant was subsequently sentenced to 37 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; substance abuse aftercare; no alcoholic beverages; and obtain a high school equivalency certificate. On October 7, 2022, Defendant completed his period of imprisonment and began service of the supervision term. On April 2, 2024, the original term of supervised release was revoked, and Defendant was sentenced to 14-months imprisonment followed by an additional 12-month term of supervised

REPORT AND RECOMMENDATION – Page 1

release. Defendant completed his term of imprisonment on December 31, 2024, and commenced his new term of supervised release in the Eastern District of Texas.

On May 15, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #57, Sealed). The Petition asserts that Defendant violated six (6) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant must refrain from any unlawful use of a controlled substance; (2) <u>Special Condition</u> Defendant must not illegally possess a controlled substance and shall refrain from any unlawful use of a controlled substance; (3) <u>Special Condition</u> Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; (4) <u>Standard Condition</u> Defendant must follow the instructions of the probation officer related to the conditions of supervision; (5) <u>Standard Condition</u> If Defendant is arrested or questioned by a law enforcement officer, he must notify the probation officer within 72 hours; and (6) <u>Standard Condition</u> Defendant must not communicate or interact with someone he knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer. (Dkt. #57 at pp. 1–3, Sealed).

The Petition alleges that Defendant committed the following acts: (1)–(2) On March 18, 2025, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Medicine in Paris, Texas, which tested positive for methamphetamine. The specimen was subsequently confirmed positive by Alere Toxicology. Additionally, the urine specimen was diluted. On March 28, 2025, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Medicine

in Paris, Texas, which tested positive for methamphetamine. The specimen was subsequently confirmed positive by Alere Toxicology for methamphetamine and amphetamine. Additionally, the urine specimen was diluted. On April 7, 2025, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Medicine in Paris, Texas, which tested positive for methamphetamine and amphetamine. The specimen was subsequently confirmed positive by Alere Toxicology for both substances. On May 7, 2025, during an unannounced home visit, Defendant submitted a urine sample which tested presumptive positive for methamphetamines, amphetamines, and 3,4-methylenedioxymethamphetamine (MDMA). Upon questioning, Defendant admitted to using "street Adderall" but denied any methamphetamine or MDMA use. Defendant subsequently signed an admission form stating such. On May 12, 2025, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Medicine in Paris, Texas, which tested presumptive positive for methamphetamine. The specimen was subsequently forwarded to the lab for confirmation testing. As of the writing of the Petition, the confirmation results were still pending; (3) Defendant failed to report for drug testing at Texas and Oklahoma Occupational Medicine in Paris, Texas on February 14; April 2, 22, and 30; and May 2, 2025, as part of the U.S. Probation Office's random drug testing program. Additionally, on January 29, 2025, Defendant completed a substance abuse evaluation at New Focus Counseling in Paris, Texas and was recommended for weekly individual substance abuse counseling. Defendant failed to attend his scheduled treatment sessions on April 4 and May 6, 2025; (4) Defendant had been advised numerous times by his probation officer that he cannot cancel or reschedule treatment appointments without the permission of the U.S. Probation Office. Defendant had someone call on his behalf to cancel his treatment session with New Focus Counseling on May 6, 2025, without the permission of the U.S. Probation Office. As such, he failed to follow the instructions of his probation officer; (5)–(6) On March 25, 2025, in

REPORT AND RECOMMENDATION – Page 3

Paris, Texas, Defendant was a passenger in a vehicle involved in a traffic stop with William Hindman ("Hindman") and Jearmey Morgan, both of whom are convicted felons. Defendant did not have permission from the U.S. Probation Office to have contact with either of these individuals. Hindman was later arrested due to outstanding traffic warrants. Defendant failed to report his contact with the Paris Police Department to the probation officer. (Dkt. #57 at pp. 1–3, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 1–6 in the Petition. Having considered the Petition and the plea of true to allegations 1–6, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twenty-one (21) months with no term of supervised release to follow.

The court finally recommends that Defendant be housed in a Bureau of Prisons medical facility in Fort Worth, Texas, if appropriate.

**SIGNED this 15th day of June, 2025.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE